```
 1

 2                IN THE UNITED STATES DISTRICT COURT FOR THE
                         WESTERN DISTRICT OF MISSOURI
 3                            WESTERN DIVISION

 4   UNITED STATES OF AMERICA,      ) Case No. 09-00378-01-CR-W-SOW
                                    )
 5            Plaintiff,            ) Kansas City, Missouri
                                    ) May 17, 2011
 6   v.                             )
                                    )
 7   RICKEY YOUNG,                  )
                                    )
 8            Defendant.            )
     _____)
 9
                    TRANSCRIPT OF SENTENCING PROCEEDING
10               BEFORE THE HONORABLE SCOTT O. WRIGHT
                      UNITED STATES DISTRICT JUDGE
11
     APPEARANCES:
12
     For the Plaintiff:            Catherine A. Connelly, Esq.
13                                 AUSA
                                   400 E. Ninth St., Ste. 5510
14                                 Kansas City, MO  64106
                                   (816) 426-3122
15
     For the Defendant:            Laine T. Cardarella, Esq.
16                                 Federal Public Defender's Off.
                                   818 Grand Blvd., Ste. 300
17                                 Kansas City, MO  64106
                                   (816) 471-8282
18
     Court Audio Operator:         Ms. Shelly McDowell
19
     Transcribed by:               Rapid Transcript
20                                 Lissa C. Whittaker
                                   1001 West 65th Street
21                                 Kansas City, MO  64113
                                   (816) 914-3613
22

23

     Proceedings recorded by electronic sound recording, transcript
24   produced by transcription service.

25
```

1    (Court in Session at 11:17 a.m.)

2    THE COURT: Good morning. Good morning. Please be
3 seated. Okay. This is *United States vs. Rickey Young*, Case No.
4 09-378. So, Mr. Young, do you want to come forward here and
5 stand here by the lectern? So, you're Rickey Young?

6    MR. YOUNG: Yes, Your Honor.

7    THE COURT: And you're represented here by Laine
8 Cardarella?

9    MR. YOUNG: Yes, Your Honor.

10    THE COURT: Okay. Well, is there any legal cause why
11 judgment and sentence should not be pronounced upon the defendant
12 at this time?

13    MS. CARDARELLA: No, there's not, Your Honor.

14    THE COURT: Okay. Well, Mr. Young, I wanted to -- let
15 me ask you something. How old are you now?

16    MR. YOUNG: Twenty-eight.

17    THE COURT: Huh?

18    MR. YOUNG: Twenty-eight.

19    MS. CARDARELLA: Twenty-eight.

20    THE COURT: Twenty-eight. And you have -- do you have
21 any job skills? You've worked -- I think you worked on the --
22 for Deffenbaugh for a while, right?

23    MR. YOUNG: Yes, Your Honor.

24    THE COURT: But not too long?

25    MR. YOUNG: Yes.

1  THE COURT: Have you had any other jobs?
2  MR. YOUNG: Yes, Your Honor.
3  THE COURT: Like what?
4  MR. YOUNG: I worked at a Thriftway grocery store. I
5  worked for Colossus Excavating Company, a dump truck company.
6  THE COURT: Yeah. Well, Mr. Young, I said I'm going to
7  -- I'll give you an opportunity to -- I want you to tell me,
8  you've got a pretty bad history, right?
9  MR. YOUNG: Yes, Your Honor.
10 THE COURT: You've done some time in the state
11 penitentiary, right?
12 MR. YOUNG: Yes.
13 THE COURT: Have you ever had any drug treatment?
14 MR. YOUNG: Yes, Your Honor.
15 THE COURT: Did that do any good?
16 MR. YOUNG: A little.
17 THE COURT: What?
18 MR. YOUNG: It did a little help.
19 THE COURT: And then -- but then you got back on it?
20 MR. YOUNG: Poor decisions.
21 THE COURT: Yeah. Well, let me ask you something. Now,
22 I'm going to give you a sentence and then I'm going to give you
23 supervised release. I'm going to give you -- you're going to get
24 a chance to get straightened out, but you're going -- it's going
25 to be a tough course. You're going to have to do ten years in

1 the penitentiary. And while you're in there, I would suggest you
2 learn a skill or skills. Have you ever thought about having some
3 kind of a job where you can make a living?
4     MR. YOUNG: Yes, Your Honor.
5     THE COURT: What's that?
6     MR. YOUNG: Working on cars, automotive.
7     THE COURT: Are you a mechanic?
8     MR. YOUNG: I would like to be, yes.
9     THE COURT: Well, you tell them that. Tell them you
10 want to learn something that you can earn a living at. If you
11 can -- if you're a good mechanic, you could make good money.
12 Well, let me -- I want to -- I should have -- we should have gone
13 over the Presentence Report. Are there any changes to it?
14     MS. CARDARELLA: Well, Judge, I did make an objection to
15 the guidelines that do impact -- I made an objection to the
16 guidelines. I objected to the quantity. And we asked the Court
17 to determine that the amount of crack cocaine that should be used
18 to calculate the guidelines is about 10.9 grams, 10.7 grams,
19 Judge, rather than have the cash that was recovered during the
20 search be converted to cocaine base. So, we objected to
21 Paragraph 23 and ask that the Base Offense Level be 18 rather
22 than 26. That was our only objection.
23     THE COURT: Well, what does that make the guideline?
24     MS. CARDARELLA: Well, that would make the guidelines
25 for Count Four, 37 to 46 months.

1         THE COURT: Is that --

2         MS. CONNELLY: And, Your Honor, the guidelines clearly
3 provide for --

4         THE COURT: Yeah. I'm going to deny that.

5         MS. CARDARELLA: So then, Judge, as far as a sentencing
6 statement, that leaves the guidelines as the Probation Department
7 has calculated them with a sentencing range of 84 to 105 months
8 on Count Four. And we're asking the Court to grant a downward
9 variance from the guidelines to a sentence of no more than 60
10 months on Count Four. And then, of course, there's a consecutive
11 60-month sentence on Count Five. And we're asking that on the
12 basis, first of all, our objection that that quantity of crack
13 cocaine is being double-counted or potentially double-counted.
14 So, that's one basis for the variance. Also, Judge, that the
15 guidelines still are just proportionately harsh towards crack
16 cocaine despite the recent change in the guidelines, it's still
17 disproportionately harsh. And also, Judge, just that -- I just
18 believe that the guidelines over represent Mr. Young's prior
19 criminal conduct, his likelihood to re-offend. And I think that
20 a sentence of no more than 60 months on Count Four is
21 sufficient --

22         THE COURT: Well, I'm going --

23         MS. CARDARELLA: -- but not greater than necessary to
24 meet the goals.

25         THE COURT: Well, I'm going to grant that. I'm going to

1  give him 60 months on Count Four, 60 months on Count Five to run
2  consecutive, for a total of ten years.  And then I'm going to
3  give him three years supervised release on Count Four and five
4  years on supervised release on Count Five, to run concurrent.
5  But I'm going to tell you that if you violate supervise release,
6  I'm going to give you five more years.
7           MR. YOUNG:  Yes, Your Honor.
8           THE COURT:  So, if you do what you're supposed to do on
9  supervised release, you're going to be okay.  But that means you
10 have to stay free of drugs.  You have to get a job.  You have to
11 go to work and start supporting not only yourself -- how old is
12 your child?
13          MR. YOUNG:  Nine.
14          THE COURT:  How old?
15          MR. YOUNG:  Nine years old, Judge.
16          THE COURT:  Nine.  Yeah.  Have you paid any support up
17 to now?
18          MR. YOUNG:  Yes, Your Honor.
19          THE COURT:  Who takes care of the child?
20          MR. YOUNG:  Her grandmother.
21          THE COURT:  My God, what would we do without
22 grandmothers?  You haven't taken care of her, have you?
23          MR. YOUNG:  Not since I've been in here.
24          THE COURT:  No, anytime?  Did you take care of her at
25 any time?

1    MR. YOUNG:  Yes, Your Honor.

2    THE COURT:  When?

3    MR. YOUNG:  When I was free on the streets.

4    THE COURT:  When you were what?

5    MR. YOUNG:  When I was free.

6    MS. CARDARELLA:  He did, Judge.  He had her -- before he
7 was incarcerated.

8    THE COURT:  All the time?

9    MS. CARDARELLA:  Did you take care of her all the time?

10   MR. YOUNG:  Not all the time, but most of the time.

11   MS. CARDARELLA:  No, just some of the time.  He shared
12 her.

13   THE COURT:  Well, I'd rather see her with your
14 grandmother if you're on drugs.

15   MS. CARDARELLA:  Well --

16   THE COURT:  Does your grandmother use drugs?

17   MR. YOUNG:  No, Your Honor.

18   THE COURT:  Good.  That's good.  So, that's a good
19 example for you.  Right?

20   MR. YOUNG:  Yes, Your Honor.

21   THE COURT:  Now, look, I'm going to sentence you to 60
22 months on Count Four, 60 months on Count Five to run consecutive.
23 And then three years supervised release on Count Four, five years
24 supervised release on Count Five, to run concurrent.  But like I
25 said, if you violate supervise release, I'm going to give you

1  five more years. And so you will have -- and while you're in the
2  institution, I'm going to recommend that you learn a skill. Tell
3  them you want to be a car -- an automobile mechanic and you would
4  like to get some schooling on that regard. I'm going to also
5  recommend that you go through the 500-hour drug treatment
6  program. Now, you have to consent to that. But you understand,
7  you know that you can't live up your supervised release if you're
8  on drugs. You know that, don't you?

        MR. YOUNG: Yes.

        THE COURT: So, you know it's time -- 28 years you have lived. You've got a long life ahead of you and this is the time to see if you can't straighten out your life. Does this mother of this child have anything to do with taking care of the child?

        MR. YOUNG: Yes. She takes care of her, too.

        THE COURT: Is it her grandmother --

        MR. YOUNG: Yes.

        THE COURT: -- taking care of her? Does the mother of this child work? Is she employed?

        MR. YOUNG: I think so, yes.

        THE COURT: Well, I sure hope something happens. I sure hope you can get straightened out. But it's going to have to be -- and they'll help you. But the bottom line is, you'll have to do it yourself. You know that.

        MR. YOUNG: Yes.

        THE COURT: So, let's see how it goes.

1  MS. CONNELLY: Your Honor, the defendant has to be
2  reminded of his appellate rights.
3  THE COURT: Yeah. Okay.
4  MS. CARDARELLA: And, Judge, just for the record, is the
5  sentence that you imposed based on your analysis of 18 U.S.C.
6  §3553(a) factors?
7  THE COURT: Yeah.
8  MS. CARDARELLA: Okay.
9  THE COURT: Yeah. Well, I think -- I think the penalty
10 here is plenty severe and that's the way it's going to be. Okay.
11 Kelly, that's yours.
12 MS. McILVAIN: Judge, you need to tell him of his
13 special conditions.
14 THE COURT: Well, the special conditions is is that the
15 sentence -- he's not getting credit for the downward departure
16 for crack cocaine. And it's time we started giving them --
17 reducing these sentences a little bit.
18 MS. McILVAIN: His supervised release conditions, Judge.
19 THE COURT: Oh, yeah, I want to give him that. Now,
20 look, supervised release, the standard conditions. You
21 successfully participate in any substance abuse counseling
22 program which may include urinalysis, sweat patch or Breathalyzer
23 testing as approved by the Probation Office and pay any
24 associated costs. That you submit your person, residence, office
25 or vehicle to a search conducted by the U.S. Probation Office at

reasonable times in a reasonable manner. That you not consume or possess alcoholic beverage or beer, including 3.2 percent beer at any time. That you satisfy any warrants or pending charges within the first 30 days of supervised release. Now, you shall comply with the employment guidelines of the Western District and training, counseling or daily job searching. And if you get -- if you have an opportunity for full-time employment, that you require -- and you don't do it, that you're going to have to perform 20 hours of community service until employed. But here's the thing. Here's what you're going to do. You're going to learn to be an auto mechanic. Then when you get out, if you're a good auto mechanic, you can get a job. You can go out there and you can either get a job with somebody else or do it on your own. But there's plenty of car owners that need to have an auto mechanic. And so you can do it, right?

MR. YOUNG: Yes.

THE COURT: Okay. Okay. Well, we'll see how it goes.

MS. CONNELLY: Your Honor, you need to advise the defendant of his right to appeal this sentence.

THE COURT: Yeah. You have a right to appeal now. So, if you wish to appeal this sentence I've given you, you talk to your lawyer about it. Okay?

MR. YOUNG: Yes, Your Honor.

THE COURT: Okay.

MS. CONNELLY: Your Honor, I need to make -- I need to

move to dismiss Counts One, Two, Three and Six of the Indictment against this defendant.

    THE COURT: Oh, dismissed.

    MS. CONNELLY: Yeah.

    THE COURT: Yeah. They're dismissed. Okay.

    MS. CARDARELLA: Okay.

    (Court Adjourned at 11:35 a.m.)

12

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

<u>/s/ Lissa C. Whittaker</u>     <u>November 14, 2012</u>
Signature of transcriber            Date